IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TASK FORCE LOGISTICS INTERNATIONAL, LTD., and TASK FORCE LOGISTICS, INC., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:14-CV-2101-L** |
| TEASLEY PARTNERS, LTD.; GLENN GUNTER; and GAYLORD HALL, | § § § § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

Before the court is Plaintiffs' Motion for Default Judgment Against Defendants, filed July 31, 2014. After careful consideration of the motion, record, exhibits, and applicable law, the court **grants** Plaintiffs' Motion for Default Judgment Against Defendants.

**I.     Background**

Task Force Logistics International, Ltd. ("TFL International"), and Task Force Logistics, Inc. ("TFL, Inc.") (collectively, "Plaintiffs") filed this action on June 9, 2014, against Teasley Partners, Ltd. ("TPL"); Glenn Gunter ("Gunter"), and Gaylord Hall ("Hall") (collectively, "Defendants"). Plaintiffs bring claims for Defendants' failure to repay two loans.

For the facts of this action, the court relies on those set forth in Plaintiffs' Original Complaint ("Complaint"). Plaintiffs' Complaint sets forth the following relevant allegations.

In July 2009, TFL International loaned TPL the sum of $975,000, and TFL, Inc. loaned TPL the sum of $161,000. These loans were memorialized in a Promissory Note ("Note") between TPL, as Maker, and TFL International, as Payee, in the original principal amount of $1,136,000

**Memorandum Opinion and Order – Page 1**

with interest at the rate of 12% per annum beginning on June 12, 2009; and an Amended Promissory Note ("Amended Note") between TPL, as Maker, and TFL International and TFL, Inc., as Payees.

The Note provides that it shall become due and payable in full on July 9, 2010, provided, that TPL shall have the option to extend the maturity date by one period of twelve calendar months (the "Extension Option"), based upon the same terms and conditions set forth in the Note. TPL extended the Maturity Date of the Note. Therefore, the Note became due and payable on July 9, 2011.

TFL International is the owner and holder of the Note. TFL International and TFL, Inc. are the owners and holders of the Amended Note or the beneficiary of the agreement memorialized by the Amended Note.

No payments have been made on either the Note or Amended Note. Therefore, the full amount of the Note and Amended Note are due and owing to Plaintiffs, together with accrued interest on such amounts at the rates set forth in the Note and Amended Note. No offsets or credits are due on the Note or Amended Note. The Note and Amended Note have matured by their own terms, and therefore the entire amount of the Note and Amended Note, together with interest and other costs, are due and owing to Plaintiffs in the amounts set forth in both Notes.

Gunter and Hall both guaranteed payment of the Note and Amended Note. Demand was made to pay the Note and Amended Note. Demand was made that Gunter and Hall pay Plaintiffs according to the terms of their guaranty agreements. Defendants have failed or refused to pay the amounts due and owing to Plaintiffs under the Note and Amended Note.

TPL was served with the summons and a copy of Plaintiffs' Complaint on June 12, 2014; Hall was served with the summons and a copy of Plaintiffs' Complaint on June 27, 2014; and

**Memorandum Opinion and Order – Page 2**

Gunter was served with the summons and a copy of Plaintiffs' Complaint between June 20 and June 24, 2014. Defendants had 21 days from the date on which they were served to file an answer or otherwise defend against the Complaint. Fed. R. Civ. P. 12. No answer or defensive motion was filed by any Defendant within the 21-day period, and, to this date, no Defendant has filed an answer to or otherwise defended against the Complaint.

## II.     Discussion

### A.     Liability and Damages

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of the court has entered a default against all three Defendants. The court also finds that Defendants are not minors, incompetent persons, or members of the United States military.

Defendants, by failing to answer or otherwise respond to Plaintiffs' Complaint, have admitted the well-pleaded allegations of the Complaint and are precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Based on the well-pleaded allegations of Plaintiffs' Complaint, which the court accepts as true, and the record in this action, the court determines that Defendants are in default, that Defendants are liable to Plaintiffs on their claims of suit on note and suit on guaranty,* and that Plaintiffs are entitled to a default judgment and appropriate damages.

---

   * To prevail on a suit on promissory notes, the movant must establish that a note exists, that Defendants signed the note, that Plaintiffs were the legal owners and holders of the note, and that a certain balance was due and owed under the note. *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1023 (5th Cir. 1995) (citation omitted). Plaintiffs have established each of these elements.

**Memorandum Opinion and Order – Page 3**

The court turns to the issue of damages. The record establishes the principal amount owed TFL International is $975,000, plus interest at 12% per annum from June 12, 2009, to the date of this judgment, November 25, 2014. Therefore, the total amount of money owed TFL International by TPL is $1,613,532, which includes $638,532 as prejudgment interest at a rate of 12% per annum.

With respect to the loan from TFL, Inc. to TPL, the record establishes that the principal amount owed is $161,000, plus interest at 12% per annum from June 12, 2009, to November 25, 2014. Therefore, the total amount owed TFL, Inc. is $266,440, which includes $105,440 as prejudgment interest at the rate of 12% per annum.

TFL International and TFL, Inc. are owed these amounts, respectively, from Defendants, and the court will issue a judgment to reflect the amount Defendants owe to Plaintiffs.

B.  Attorney's Fees and Expenses

Plaintiffs seek attorney's fees and expenses in the amount of $7,135.50 from Defendants. Plaintiffs submit the affidavit of Mr. Bruce W. Akerly to support their request for attorney's fees. The court must determine whether the requested amount is reasonable. The record reflects that Plaintiffs' counsel, Mr. Akerly, has been licensed by the State of Texas for 32 years. His practice primarily consists of handling matters involving bankruptcy and commercial litigation. His hourly rate is $385 per hour in this case. The court finds that this hourly rate is well within the range of the usual and customary rate charged by attorneys in the Dallas legal community with similar ability, competence, experience, and skill as that of Plaintiff's counsel for the services performed in cases of this nature. Accordingly, the court determines that the hourly rate of $385 is quite reasonable for an attorney with Mr. Akerly's level of experience. The court knows this because

of recent cases in which it has awarded attorney's fees to counsel with experience and ability similar to that of Mr. Akerly.

Plaintiffs also seek time expended by Mr. Akerly's paralegal, Ms. Marie Zastrow, at the rate of $150 per hour. This amount is within the range that the court has allowed for paralegals in the Northern District of Texas, and determines that the rate is reasonable.

Mr. Akerly has expended 15.50 hours on this action, and Ms. Zastrow has expended 4.60 hours on this action. The court determines that the hours expended by both were reasonable and necessary for the successful prosecution of this action. Accordingly, the court determines Plaintiffs are entitled to $6,657.50 as fees ($5,967.50 attorney's fees + $690 paralegal fees). The judgment will reflect a fee award of this amount.

Further, Plaintiffs seek $478 in court costs and expenses. Upon a review of the record, the court finds that these costs and expenses are reasonable, and were necessarily incurred for the successful prosecution of this action. The judgment will reflect an award of $478 as costs and expenses.

The total amount of attorney's fees and expenses is $7,135.50. Plaintiffs request that TFL International receive 83% of the attorney's fees and expenses, and that TFL, Inc. receive 17% of the attorney's fees and expenses. As this is a split requested by Plaintiffs, the court finds no reason to reject their request and will allow the attorney's fees and expenses to be divided as requested. Therefore, TFL International is entitled to recover $5,922.47 as attorney's fees and expenses; and TFL, Inc. is entitled to recover $1,213.03 as attorney's fees and expenses.

**III.    Conclusion**

For the reasons set forth herein, the court **grants** Plaintiffs' Motion for Default Judgment Against Defendants. The court will issue a judgment in favor of Plaintiffs by separate document, as required by Federal Rule of Civil Procedure, in accordance with the findings and determinations herein made.

**It is so ordered** this 25th day of November, 2014.

*[signature]*
Sam A. Lindsay
United States District Judge